IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                  :      CASE NO. 04-01203

JULIO MANUEL CHARDON RUBERO ,  :     CHAPTER 7

    Debtor                :

                      :      ADVERSARY NO. 04-0263

WILFREDO SEGARRA, Trustee,      :

    Plaintiff             :

v.                     :

ANGEL LUIS MELENDEZ OSARIO,     :

    Defendant           :

## OPINION AND ORDER

This case is before the court upon the motion for summary judgment filed by the trustee and the defendant's opposition and cross-motion for summary judgment. For the reasons set forth below, the trustee's motion for summary judgment is denied and the defendant's cross-motion for summary judgment is granted.

### Background

The trustee filed motions for summary judgment, along with statements of undisputed material facts, on March 29, 2005 (dkts. #12, 13) and April 4, 2005 (dkts. #14, 15). The defendant filed a statement of uncontested facts (dkt. #20), an opposition to the trustee's motion for summary judgment and cross-motion for summary judgement (dkt. #21) and an appendix (dkt. #22) on May 3, 2005. The parties agree that the following facts are uncontested:

AO 72
(Rev. 8/82)

## Findings of Fact

1. Debtor, Julio Chardon Rubero, filed for relief under chapter 13 of the Bankruptcy Code on February 6, 2004[1].

2. The case was converted to a chapter 7 liquidation proceeding on April 28, 2004. Hector L. Freire Ortiz[2] was appointed to administer the case as trustee.

3. The schedules reflect that at the time of the filing of the petition, the debtor was the owner of two real properties, described in Spanish as follows:

> a. "RUSTICA: Solar radicado en el Barrio Rio Canas del termino municipal de Caguas con una cabida de dos mil quinientos sesenta y tres punto seis ocho mtros cuadrado (2,563.68) Norte en ocheta y cuatro puntos nueve siete (84.97) metros con la parcela "B" que se agregara de la finca principal; por el Surochenta y cuatro punto seis dos (84.62) metros con el remanente de la cual se agrega; por el Este en veinticuatro punto veinticuatro (24.24) metros con la parcela "D" a segregarse de la finca principal y por el Oeste en treinta punto cuarenta y ocho (30.48) metros con terrenos de la sucesion Raul Nevares.
>
> Inscrita al folio doscentos ochenta y dos (282) vuelto del tomo mil ciento veintinueve (1,129) de Caguas, ca numero treinta y ocho mil ochocientos cincenta y nueve (38,859)."
>
> B. "RUSTICA: Prredio de terreno radicado en el Barrio Rio Canas e Caguas, compuesto de dos puntocuarenta y seis (2.46) y en lindes por el Norte en setenta y cuatro punto sesena y s (74.62) metros con laarcela "C" a segregarse de laa principal y diez (10.00) metros con la parcela "D" a segregarse de la finca principal; por el Sur en ochenta y siete (87) metros con terrens de Juan Herandez; por el Este en noventa y ocho (98.00) metros en terrenos de Juan

---

[1] The petition includes Angel Luis Melendez Osorio as a creditor with two secured claims, one in the amount of $140,000.00 and another in the amount of $50,000.00.

[2] Freire was subsequently substituted as trustee by Wilfredo Segarra.

2

AO 72
(Rev. 8/82)

Hernandez y por el Oeste en ciento doce (112) metros con la sucesion de Raul Nevares.

Inscrita al folio ciento doscientos veinticinco vuelto (225) del tomo novecientos cuarenta y seis (946) de Caguas, numero treinta y dos (32,234) antes, seis mil seiscientos cincuenta y cuatro (6,654)."

4. Each property is encumbered by mortgage liens guaranteed by notes to the bearer.

5. The estate has received two offers for the sale of these properties, one in the amount of $160,000.00 and the other in the amount of $60,000.00.

### Issue

Whether the bearer notes encumbering the properties constitute authentic pledge agreements pursuant to the laws of Puerto Rico.

### Discussion

The trustee argues that no authenticated pledge agreement was signed by the debtor in accordance with the Puerto Rico Civil Code; accordingly, the liens are avoidable pursuant to 11 U.S.C. S 544 and the defendant's claim should be allowed as an unsecured one. The trustee questions the validity of the pledge agreement but does not challenge the existence of the notes.

The defendant argues that the trustee is relying only on the Registry of Deeds, which is an abstract of certain information in the deeds, not a literal transcription thereof. According to the defendant, on March 28, 2000, in the same public deeds[3] whereby the

---

[3]Public Deed Number 3, executed on March 28, 2000, before Notary Public Pedro Tomas Armstrong, by which the SELLERS (including defendant herein) conveyed to the BUYERS (debtor herein and his wife) the property described above in paragraph 3a. Public Deed Number 4, executed on March 28, 2000, before Notary Public Pedro Tomas Armstrong, by which the SELLERS (including defendant herein) conveyed to the

3

AO 72
(Rev. 8/82)

debtor acquired the aforementioned properties, it is attested and acknowledged that the parties executed the mortgage notes[4], payable to bearer and guaranteed by mortgages on the properties, and said notes were issued and delivered to the sellers, including defendant Angel Melendez Osario, to evidence the deferred payment of the properties sold. Defendant refers to clause 6 of the respective deeds, wherein it states "[t]o evince the deferred price of the present sale, the BUYERS have delivered to the SELLERS a note which literally copied states as follows" and goes on to describe the note in question and guarantee its payment by the BUYER's constituting a mortgage over the property. According to the defendant, this constitutes a pledge of the notes in question, which has a date certain - March 28, 2000, the date on which the deeds were executed and, therefore, the debts can hold a priority against third persons, including the trustee.

*Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d

_____

BUYERS (debtor herein and his wife) the property described above in paragraph 3b.

[4]As to the property described in paragraph 3a, the BUYERS executed a note to bearer in the amount of $194,000.00 (the selling price of the property being $200,000.00), and as to the property described in paragraph 3b, the BUYERS executed a note to bearer in the amount of $56,000.00 (the selling price of the property being $60,000.00).

4

51 (1st Cir. 2004), citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright and Miller, <u>Federal Practice and Procedure</u> § 2712 (3d ed. 1998). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." <u>Id</u>. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. <u>Id</u>.

*Avoidance of Lien by the Trustee*

Section 544(a)(1) of the Bankruptcy Code provides that the trustee has the rights and powers to avoid any transfer or obligation of the debtor, that is avoidable by a hypothetical creditor, on a simple contract with a judicial lien on the property of the debtor which is unsatisfied as of the date of the commencement of the case. 5 Lawrence P. King, et al., <u>Collier on Bankruptcy</u> ¶ 544.02 (15th ed rev'd 2006). The purpose of these avoiding powers is to foster the equal distribution of a debtor's assets among its general non-priority creditors. <u>Id</u>. at ¶ 544.01.

The extent of the trustee's rights are measured by the substantive law of the jurisdiction governing the property in question. <u>In re Santos & Nieves, Inc.</u>, 814 F.2d 57, 59 (1st Cir. 1987), citing <u>Carina Mercury, Inc. v. Igaravides</u>, 344 F.2d 397 (1st Cir. 1965). In Puerto Rico, the pledge of mortgage notes is construed pursuant to Article 1764 of the

5

Civil Code of Puerto Rico, 31 L.P.R.A., § 5023 (1930), which provides that unauthenticated pledges are not effective against third parties[5]. Santos & Nieves, id. Such third parties include the bankruptcy trustee. Id., citing Ramos Mimoso v. Superior Court, 93 P.R.R. 538, 544 (1966); see also, In re Almacenes Gigante, Inc., 159 B.R. 638 (Bankr. P.R. 1993). For a pledge to be effective against third parties, it requires evidence its date resulting from authentic documents such as one verified before a notary public, not merely a private writing. Matter of Supermercados San Juan, Inc., 575 F.2d 8 (1st Cir. 1987). "The purpose of this requirement of formality is to avoid transfers made in prejudice and fraud of creditors or third parties by simulating the existence of secured credits and thus misleading creditors into thinking that their rights over the debtor's entire patrimony is curtailed." Almacenes Gigante, 159 B.R. at 642 (citations omitted).

In In re Santos & Nieves, Inc., the court of appeals found that 31 L.P.R.A. § 5023 applies to the transfer of bearer mortgage promissory notes because the transfer was intended to be a pledge. The court of appeals concluded that the transfer in that case was avoidable by the trustee under § 544(a) of the Bankruptcy Code because the transfers therein did not satisfy the pledge authentication requirement set forth in 31 L.P.R.A. § 5023. Id. at 59 ("An unauthenticated pledge agreement which is ineffective against third parties will necessarily be subordinate to the rights of the trustee, and may be avoided by the trustee pursuant to his powers under 11 U.S.C. § 544(a)(1).").

The facts herein are distinguishable from Santos & Nieves. In that case, the court

_____

[5]"A pledge shall not be effective against a third person, when evidence of its date is not shown by authentic documents." 31 L.P.R.A. § 5023.

of appeals found that the fact that the bearer notes were dated and notarized did not establish evidence of the date the pledge, nor did the date the mortgage guaranteeing the bearer notes was recorded provide the date when the pledge creditor became the holder of the bearer notes. 814 F.2d at 60. Santos & Nieves had executed the bearer mortgage notes in order to collateralize monies owed by its affiliate to United Beef Packers for goods previously purchased on credit; however, the record did not conclusively establish the dates on which the notes were physically transferred to UBP. Id. at 58. The court of appeals observed "[i]n this particular case, since there was no written pledge agreement, and delivery of the notes was the act which created the pledge, the date which logically must be authenticated is the date on which the bearer notes were transferred by S&N to UBP." Id. at 60. Although in the case presently before this case there is no separate pledge agreement, as argued by the trustee, the date on which the bearer notes were transferred is evidenced by the aforementioned deeds numbers three and four, each of which incorporates an identical clause number six, which provides:

> SIX: To evidence the deferred price of this sale, **the BUYERS have issued and tendered to the SELLER a promissory note which copied literally reads as follows:....**
>
> ....
>
> SECOND: That the Mortgage Debtor has issued **on this date** a bearer promissory note, of a mortgage naturre, transferrable by the mere delivery, ....

See Appendix to defendant's motion for summary judgment (dkt. #22), as well as the translated deeds (dkt. #30) (emphasis ours). This court finds that said language,

7

incorporated into a notarized document (the promissory note) dated March 28, 2000, which was, in turn, incorporated into another notarized document (the purchase and constitution of mortgage) also dated on March 28, 2000, is sufficient to establish the date on which the pledge was made, particularly considering that the transaction herein involved the sale of real property, while the transaction at issue in Santos & Nieves involved the pledge of personal property on account of a previously-incurred debt by an affiliate of the debtor corporation.

### Conclusion

The court finds that the deeds described herein establish a date certain for the pledged bearer mortgage notes at issue; accordingly, the same are properly authenticated pursuant to the laws of Puerto Rico and may not be avoided by the trustee pursuant to section 544(a) of the Bankruptcy Code.

Therefore, the trustee's motion for summary judgment is DENIED and the defendant's motion for summary judgment is GRANTED. The clerk shall enter judgment accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 1st day of May, 2006.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

8

AO 72
(Rev. 8/82)